IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Charlotte Maddox, | Case No. 3:08 CV 2818 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| City of Toledo, | |
| Defendant. | |

      Plaintiff *pro se* Charlotte Maddox filed this case *in forma pauperis* against the City of Toledo, Gun Control Department.  Within the forty-six handwritten pages of the Complaint, Plaintiff initially alleges she "is seeking the right to buy/own a gun for my protection, against myriads of predators who insist that I am a nigger and a whore" (Doc. No. 1, p. 1).  She proceeds to allege she has been the victim of, among other charges, "racially motivated harassment and physical attacks, rape, racketeering schemes, pimp [and] sex slave type activity" at the hands of such diverse entities as her local library, the Toledo Police and Fire Departments, and the Toledo Commons Shopping Center (*id.* at 1, 8-9).  She seeks $50 trillion in damages (*id.* at 6).

      *Pro se* pleadings are liberally construed.  *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Owens v. Kelling,* 461 F.3d 763, 776 (6th Cir. 2006).  However, the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *See Jones v. Bock*, 549 U.S. 199, 214 (2007); *Rucker v. Potter,* 215 Fed. App'x 406, 407 (6th Cir. 2007*); Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). District courts are not required "to conjure up questions never squarely presented to them" or "to construct full-blown claims from sentence fragments." *Beaudett*, 775 F.2d at 1278. To do so would "require . . . the courts to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

Even liberally construed, the Complaint does not contain allegations reasonably suggesting Plaintiff might have a valid federal claim. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726-27 (6th Cir. 1996) (court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief). Plaintiff primarily alleges she is seeking the right to buy a gun for her protection against predators who are conspiring to harm her for racially motivated reasons; however, she does not offer a valid federal statutory basis for this or any of her claims.

For the foregoing reasons, pursuant to 28 U.S.C. § 1915(c), this action is dismissed.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

February 4, 2009